IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02486-LTB-KLM

Steven R. Johnston,

    Plaintiff,

v.

USAA Federal Savings Bank,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Upon ~~a showing of good cause in support of~~ the parties' request for the entry of a protective order to protect the discovery and dissemination of confidential information or information that would improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    The parties expect to produce certain documents that contain confidential or proprietary information that are not available to the general public. These documents may include, but are not limited to, confidential and proprietary information. The nature of this agreement and order is to protect USAA's member and business interests in its own intellectual property, information, and processes. The insurance, banking, and investment industries are highly competitive markets, and disclosure of USAA's trade secrets, confidential or proprietary information could cause irreparable and significant harm to USAA and its members. The disclosure or release of this information to the public would improperly annoy, embarrass or

EXHIBIT A

oppress the parties. Accordingly, the parties have agreed that this Protective Order may be entered by the Court for the purpose of protecting those documents from certain disclosure. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. A party or third party may, in good faith, designate as "CONFIDENTIAL" any document or portion of a document that is confidential and implicates common law and statutory privacy interests of the parties, either of them, their employees or representatives, or their other policyholders or other customers by typing, stamping or imprinting upon the document "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER," based on review of the document by counsel. Any confidential designation shall constitute a representation by counsel to the Court that designation is made in good faith and in the belief that the material so designated constitutes confidential material.

4. Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case. No person receiving such Confidential information shall, without the consent of the party producing it or further Order of the Court, directly or indirectly, transfer, disclose, or communicate in any way the contents of the Confidential information to any person other than those specified in Paragraph 5. Each party shall use appropriate safeguards to

2

protect Confidential information of other parties or third-parties from being disclosed in a manner that would be inconsistent with this Protective Order.

5. Access to any Confidential information shall be limited to:

a. counsel of record for the parties and attorneys, paralegal, clerical, secretarial, or other staff employed by such counsel;

b. the named parties and those officers and employees of the parties deemed necessary to aid counsel;

c. the District Court presiding over this action and/or any appellate court hearing any possible appeals from this action, judicial officers, and court employees;

d. mediators and their employees used with the consent of the parties in connection with any alternative dispute resolution process or any efforts to mediate this action;

e. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

f. witnesses other than the named parties during any interview, deposition, hearing, or informal meeting conducted by counsel for a party who are shown this Order and agree to be bound by its terms;

g. experts and consultants (including their employees, associates or staff) specifically retained by a party to perform work in connection with the prosecution or defense of this action who are shown this Order and agree to be bound by its terms; and

h. any other person designated by the Court after appropriate motion and hearing or agreed to by the parties in writing who are shown this Order and agree to be bound by its terms.

6. Nothing in this Protective Order shall prevent the parties from using their own Confidential information and material in any way they see fit or from revealing their own confidential information and material to whomever they choose, without prior consent of the Court. Nothing in this Order shall prevent any disclosure if the party designating the information as Confidential consents to such disclosure.

7. Third parties producing documents in the course of this action may also designate documents as Confidential, subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served with any subpoena served in connection with this action. All documents produced by such third parties, even if not designated by such third parties as Confidential, shall be treated by the parties to this action as Confidential for a period of 15 days from the date of their production. During that 15 day period, any party may designate such documents as Confidential pursuant to the terms of this Protective Order.

8. A party may also designate testimony which it deems to be Confidential under this Protective Order, by advising the court reporter of such fact on the record. The court reporter shall separately transcribe those portions of the testimony so designated and shall mark the face of the transcript with the word "Confidential." Portions of testimony may be designated Confidential on the record at the time testimony is given. Alternatively, portions of testimony may be designated Confidential under the terms of this Protective Order in writing within 30 days after the final certified transcript is received by the party wishing to designate the

testimony. Portions of any testimony designated as Confidential shall be marked in all existing and subsequently produced copies of the transcript. If a deposition transcript contains, or is anticipated to contain, a significant amount of Confidential information, the parties may, by agreement, designate the transcript Confidential in its entirety. Unless otherwise agreed to by the parties involved, depositions shall be treated as Confidential until 30 days after receipt of the final certified transcript. The deposition of any witness (or any portion of such deposition) that includes Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any party who inadvertently fails to identify documents as Confidential at the time of their production shall provide written notice of the error and substitute copies of the inadvertently produced documents bearing appropriate confidentiality designations. Any party receiving such substituted documents shall return to the producing party or destroy all inadvertently produced confidential documents in its possession that lack the appropriate confidentiality designation and shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

10. If a party inadvertently discloses Confidential information of another party or third-party to this action to anyone other than the persons set forth in Paragraph 5, counsel for the party that made the inadvertent disclosure shall notify the opposing party's counsel of record, or the third party, of the inadvertent disclosure and make reasonable efforts to retrieve the Confidential information and any documents containing such Confidential information and to obtain the agreement of persons to whom the inadvertent disclosure was made to treat the Confidential information in accordance with the terms of this Protective Order.

11. D.COLO.L.Civ.R. 7.2 shall govern the filing of papers under seal.

12. The parties shall follow the procedures identified in Federal Rule of Civil Procedure 5.2(a) and (h).

13. In the event of a hearing or trial in this matter at which any party intends to present Confidential information to the Court or a jury, counsel for the parties will confer to determine what safeguards, if any, may be necessary to protect against the disclosure of the Confidential information, and shall attempt to determine the least intrusive and burdensome means of protecting such materials during the proceeding. Counsel for the parties shall take appropriate steps to have the Court incorporate in the pretrial order such procedures to the extent, if any, the Court deems such procedures to be appropriate.

14. A party designating information as Confidential may change the designation to non-confidential by providing notice to the receiving parties and providing substituted documents without a Confidential designation.

15. Failure by a party to challenge the confidentiality of any document or information at the time of receipt thereof shall not preclude a subsequent challenge thereto. Whenever a party objects to designation of a document or testimony as Confidential, the objecting party shall notify the party asserting the designation and attempt to resolve the dispute. If the requested change in designation is not agreed to within ten (10) business days, the party who originally designated the documents as Confidential shall move the Court for appropriate relief, *pursuant to MJ Mix's discovery procedure* providing notice to any third party whose designation of produced documents as Confidential in the action may be affected, otherwise the Confidential designations are waived. The party asserting that the

6

material is Confidential shall have the burden of proving that the information in question should be protected from disclosure under applicable law.

16. All documents or transcripts that have been designated Confidential under this Protective Order, and any and all copies, shall be returned to the producing party within 60 days of the conclusion of this case, including appeals, whether by trial, settlement, alternative dispute resolution, or whatever means. Alternatively, the producing party may request that the Confidential information be destroyed, and each party destroying documents designated as Confidential shall contemporaneously provide an affidavit to the producing party establishing what documents were destroyed, by what method, and from what repository (hard files, electronic databases, electronic files, etc.). If a party is voluntary dismissed from this case through a settlement or otherwise, the procedures set forth in this paragraph shall apply except that any Confidential information must be returned or destroyed within 60 days of dismissal.

17. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

18. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

19. The provisions of this Protective Order (and any supplements, amendments or modifications) concerning the use and disclosure of Confidential information and otherwise safeguarding the confidentiality of Confidential information of the parties shall continue in effect

after the conclusion of this action. The Court retains and shall have jurisdiction over the parties and all recipients of Confidential information, for the enforcement of this Protective Order.

20. The Stipulating Parties, by their undersigned counsel, stipulate and consent to making an entry of this Protective Order.

The foregoing STIPULATED PROTECTIVE ORDER is ADOPTED and ENTERED as an ORDER of the Court.

DATED this 2nd day of July, 2014.

Kristen L. Mix
United States Magistrate Judge