IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 12-cv-02486-LTB-KLM

STEVEN R. JOHNSTON,

        Plaintiff,

v.

USAA FEDERAL SAVINGS BANK,

        Defendant.

_____

MEMORANDUM OPINION AND ORDER
_____

Babcock, J.

        This matter is before me on a Motion for Summary Judgment filed by Defendant, USAA Federal Savings Bank, in which it seeks judgment against Plaintiff, Steven R. Johnston, on his claims made pursuant to the Telephone Consumer Protection Act (the "TCPA"), the Colorado Consumer Credit Code, and a common law claim for invasion of privacy, as well as judgment in its favor on its counterclaims for breach of contract and unjust enrichment. [**Doc #48**] Oral arguments would not materially assist me in my determination. After consideration of the parties' arguments, and for the reason stated, I GRANT Defendant's motion as to Plaintiff's TCPA claim; I DENY the motion as to the remaining claims and counterclaims; and I DISMISS the case.

## I. BACKGROUND

        Plaintiff has a credit card with USAA Savings Bank, and Defendant is the servicer of that credit card. [Doc #48 Ex. B] Plaintiff signed up to do business with USAA entities online and, as such, was subject to the terms and conditions of USAA's online agreement. [Doc #48 Ex. H]

That agreement provides that Plaintiff, as the Cardholder, authorized all USAA entities to contact him at the telephone numbers he provides in his Cardholder's online profile. In addition, the online agreement provides that Plaintiff may revoke such authorization by removing his phone numbers from his profile. [Doc #48 Ex. H] In September of 2003, Plaintiff provided two telephone numbers in his profile – his home phone number and he listed his cellular phone number as his "business number." [Doc #48 Ex. B] As of the date of this motion, Plaintiff had not removed his cell phone number from his online profile. [Doc #48 Ex. A, pg. 175, Ex. B][Doc #52 Ex. V]

On June 27, 2012, Plaintiff defaulted by failing to make payments on the credit card balance of $19,611.79. [Doc #48 Ex. E] Thereafter, in early July of 2012, Defendant began to attempt to contact Plaintiff via telephone regarding the outstanding balance on his account. [Doc #48 Ex. L Ex. M] For the purposes of this motion, Defendant does not contest Plaintiff's assertion (evidenced by his handwritten log) that it used an automatic telephone dialing system to dial Plaintiff's cell phone and home phone numbers 105 times – over the period from early July 2012 through July 30, 2012 – in order to talk to him about his outstanding balance. [Doc #48 Ex. M] The handwritten log indicates that 20 of those calls were to Plaintiff's cell phone. Defendant also does not contest, for the purposes of this motion, that it only actually spoke with Plaintiff three times and that during these three conversations, all to his home number, Plaintiff asked Defendant to stop calling him. [Doc #48 Ex. G pp. 210-14]

On July 28, 2012, Plaintiff sent a letter, via facsimile, asking Defendant to stop calling his cell phone number, which had previously been designated as his business number in his online profile. [Doc #48 Ex. T] Defendant responded by placing Plaintiff's cell phone number

on a "do not call" list and, as such, it claims that it made no further calls to his cell phone after July 30, 2012. [Doc #48 Ex. B Ex. L][Doc #49 Ex. 2, pg. 14] Plaintiff contends, however, that after sending his letter, he received four more calls to his cell phone from Defendant. [Doc #49 Ex. 1]

Plaintiff then filed this lawsuit claiming Defendant's actions in calling his cell phone with an automatic dialing system violated the TCPA pursuant to 47 U.S.C. §227(b)(1)(A)(iii). That section makes it unlawful to use an automatic telephone dialing system to call any telephone number assigned to a cellular telephone service, except calls made for emergency purposes or made with the prior express consent. Plaintiff also alleges a common law claim for Invasion of Privacy by Intrusion and a state law claim for violation of the Colorado Consumer Credit Code, pursuant to Colo. Rev. Stat. §5-5-109, by use of unconscionable conduct in the collection of a debt. Defendant, in response, filed counterclaims for Breach of Contract and Unjust Enrichment seeking collection of the debt. In this motion, Defendant asks that I dismiss Plaintiff's claims against it, enter judgment in its favor on its counterclaims, as a matter of law, and award it $20,405.82 as the outstanding amount owed by Plaintiff on his credit card account.

### III. SUMMARY JUDGMENT STANDARD

When deciding a motion for summary judgment under Fed. R. Civ. P. 56, summary judgment shall be granted for the movant if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If a reasonable juror could

not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Id.* at 323. The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the plaintiff and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for the plaintiff. *Celotex v. Catrett*, *supra*, 477 U.S. at 252; *Mares v. ConAgra Poultry Co.,* 971 F.2d 492, 494 (10th Cir. 1992).

## IV. TCPA CLAIM

Because it is dispositive, I first address Defendant's request for summary judgment in its favor on Plaintiff's claim against it under the TCPA. In Plaintiff's first claim for relief, he asserts a violation of the TCPA pursuant to 47 U.S.C. §227(b)(1)(A)(iii), which makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." The burden of proof is on the defendant to establish that the plaintiff expressly consented to be contacted at his or her cell phone number. *Chavez v. Advantage Group*, 959 F.Supp.2d 1279, 1281 (D.Colo. 2013)(*citing* In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C.R. 559, 564–65 ¶10 (F.C.C. 2008); *Frausto v. IC System, Inc.*, 2011 WL 3704249 (N.D. Ill. 2011)).

For the purposes of this motion, Defendant concedes that it used an automatic telephone dialing system to dial Plaintiff's cell phone and home phone numbers a total of 105 times in July

of 2012, and that it spoke with Plaintiff three times at his home number, during which Plaintiff asked Defendant to stop calling him.  Then, after Plaintiff sent a letter to Defendant asking it to stop calling his cell phone number, Defendant placed that number on a "do not call" list and claims it made no further calls to his cell phone after July 30, 2012.

Because Plaintiff expressly agreed that Defendant could contact him via his phone numbers in his online profile, and he then provided Defendant his cell number by designating it as his "business number," Defendant argues that its actions in calling his cell phone could not, as a matter of law, constitute a violation of  47 U.S.C. §227(b)(1)(A)(iii).  In support of this argument, Defendant refers me to *Chavez v. Advantage Group*, 959 F.Supp.2d 1279 (D.Colo. 2013), which ruled that the defendant was entitled to summary judgment on the plaintiff's TCPA claim when the plaintiff provided her cell phone number to a medical center to whom she owed a debt for the provision of medical services.  The medical center assigned the debt for collection to the defendant who, in turn, used an automatic telephone dialing system in an attempt to contact the plaintiff on her cell phone.  The Court in *Chavez v. Advantage Group*, *supra,* concluded that the plaintiff  "gave prior express consent to defendant to contact her cell phone number in connection with the debt incurred as a result of the services provided to her" at the medical center.  959 F.Supp.2d at 1283.  The Court relied upon a 2008 ruling issued by the Federal Communications Commission, which concluded that "the provision of a cell phone number to a creditor, *e.g.*, as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt."  *Id.* at 1281 (*quoting* 2008 FCC Ruling at 564-65, ¶ 10).  As such, the Court in *Chavez v. Advantage Group* adopted the FCC declaration that "autodialed and prerecorded message calls to wireless numbers

provided by the called party in connection with an existing debt . . . are permissible." *Id.* (*quoting* 23 F.C.C.R. at 564, ¶ 9).

Plaintiff, in response, urges me to follow authority from other Circuits which have held that a consumer may revoke their prior express consent to be contacted by an automatic dialing system on their cell phone number. The TCPA does not expressly allow consumers to revoke prior express consent. *See* 47 U.S.C. § 227; In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 27 F.C.C.R. 15391, 15394 ¶ 8 (2012)(noting neither text nor legislative history of the TCPA directly addresses circumstances where prior express consent is deemed revoked). However., in *Gager v. Dell Financial Services, LLC,* 727 F.3d 265 (3rd Cir. 2013), the Third Circuit determined that "in light of the TCPA's purpose (to protect individual consumers from receiving intrusive and unwanted calls), any silence in the statute as to the right of revocation should be construed in favor of consumers." *Id.* at 268 (citing *Mims v. Arrow Fin. Servs., LLC*, ___ U.S. ___ , 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012); *see also Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012).

As an initial matter, I reject Plaintiff's argument to the extent he asserts that he effectively revoked his consent to contact him at his cell phone number by asking Plaintiff to not call him during their three conversations at his home phone number during July of 2012. In *Chavez v. Advantage Group, supra*, the Court ruled that the plaintiff's oral request to the defendant to stop calling her did not serve to revoke her express consent to contact her on her cell number. 959 F.Supp.2d at 1282. I agree, at least under the circumstances of this case, that Plaintiffs's non-specified oral requests from his home phone numbers does not serve to revoke

his consent to contact him at his cell phone number.

I do not, however, extend the ruling in *Chavez v. Advantage Group, supra*, to conclude that Plaintiff's written request in this case – which was sent via facsimile and requested that it "[p]lease stop immediately calling my cell phone # xxx-xxx-xxxx . . ." – could not serve to revoke his consent to contact him on his cell phone number under the TCPA. I decline to follow the Court in *Chavez v. Advantage Group, supra*, to the extent it ruled that a plaintiff's express consent to contact her cell phone number "was not (and could not be) effectively withdrawn" following the ruling in *Saunders v. NCO Financial Systems, Inc.*, 910 F.Supp.2d 464, 468 (E.D.N.Y. 2012).

Rather, I am persuaded by the line of district court cases which have ruled that consent may, in fact, be withdrawn. *See e.g. Gager v. Dell Fin. Servs., supra,* 727 F.3d at 268–272; *Beal v. Wyndham Vacation Resorts, Inc.,* 956 F.Supp.2d 962 (W.D.Wis. June 20, 2013); *Adamcik v. Credit Control Services, Inc.,* 832 F.Supp.2d 744 (W.D.Tex. 2011). "[T]he weight of authority suggests that consent may be revoked under the TCPA and that if messages continue after consent is revoked, those messages violate the TCPA." *Munro v. King Broadcasting Co.,* 2013 WL 6185233 (W.D.Wash. 2013).

My conclusion is supported by the circumstances present here in which Plaintiff is given the ability to revoke his consent – as governed by his online agreement with Defendant – which provides that he "may" revoke by deleting his cell phone number from his user profile. Although it is undisputed that Plaintiff has not done so, it provides evidence that Defendant allows the consumer's consent to be withdrawn. In addition, Defendant avers that it placed Plaintiff's cell phone number on a "do not call" list after receiving his letter asking that it stop

calling his cell phone. Thus, under the facts of this case, Plaintiff's written letter to Defendant asking that it stop calling his cell phone, and identifying the specific number, served to revoke his previous consent. *See generally Andersen v. Harris & Harris, Ltd.*, 2014 WL 1600575, FN7 (E.D.Wis. 2014)("the best rule would be one requiring revocation of consent in writing . . . as consistent with the [Fair Debt Collection Practices Act] as that requirement would ensure that the debt collector actually received revocation").

Plaintiff further asserts that there is a factual dispute barring entry of summary judgment in favor of Defendant in that his affidavit and call logs show that after it put his number on the no call list, "Defendant placed 4 calls to his cell phone . . .". [Doc #49 pg. 5, Ex. 1 pg. ¶12] However, I conclude that such statement is merely self-serving and conclusory as it is unsupported and, in fact, refuted by the evidence.

Specifically, the undisputed evidence is that Defendant received Plaintiff's written request to stop calling his cell phone number via facsimile on Saturday, July 28, 2012. Plaintiff was called twice on Monday, July 30, 2012, before Defendant could process his letter and place his cell phone number on a do not call list. Plaintiff agreed, in his deposition, that Defendant's response to his letter was reasonable. Plaintiff now asserts, in his affidavit, that "[a]fter faxing a . . . letter to USAA on July 30, 2012, I received 4 calls to my cell phone from USAA". [Doc # 49 Ex. 1] This statement is not supported by any further information or evidence, and Plaintiff's handwritten log does not differentiate between calls made to his home phone number and his cell phone number. Defendant admits that it called his cell number twice on July 31, 2012, before placing it on the do-not call list, but Plaintiff agreed that the timing in response to his letter was reasonable. [Doc #48 Ex. A pg. 179] In addition, Defendant provides its business records which

show no further calls to Plaintiff's cell number. [Doc #48 Ex. L] Plaintiff's records from his cell phone service provider reveal a single call from USAA's Banking Service Customer Service line (on 8/6/12 from 1-800-531-8722) that was unrelated to the debt at issue, and three calls from a debt collection agency that had been subsequently assigned the debt by Defendant (on 8/15/12, 9/7/12, 9/12/12 from 1-866-516-1880, identified as United Recovery Systems). [Doc #52 Ex. W pp. 169, 189, 206] Furthermore, Defendant avers that the toll-free number 1-866-516-1880 does not belong to it. [Doc #52 Ex. V]

Thus, I conclude that while Plaintiff gave his consent for Defendant to contact him on his cell phone, he then effectively revoked his consent via his letter asking Defendant to stop calling and identifying his cell phone number. Plaintiff's unsupported and conclusory claim that Defendant called his cell number after receiving and processing his letter is refuted by the evidence and, as such, is not significant probative and insufficient to raise a genuine issue of material fact in order to avoid entry of summary judgment in favor of Defendant. *Anderson v. Liberty Lobby*, *supra*, 477 U.S. at 249 (ruling that "the plaintiff could not rest on his allegations of a conspiracy to get to a jury without any significant probative evidence tending to support the complaint")(citation omitted). Thus, I conclude that Plaintiff's TCPA claim under 47 U.S.C. §227(b)(1)(A)(iii) must be dismissed on summary judgment as a matter of law.

## V. STATE LAW CLAIMS

Because I have dismissed Plaintiff's TCPA claim – as the sole federal claim which provided this court original subject matter jurisdiction under 28 U.S.C. §1331 – I likewise dismiss Plaintiff's remaining state law claims (for a violation of the Colorado Consumer Credit Code and a common law claim for invasion of privacy) and Defendant's state law counterclaims

(for breach of contract and unjust enrichment).

State law claims are heard in federal courts pursuant to 28 U.S.C. §1367(a), by exercise of supplemental jurisdiction, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .". *Id; see also Price v. Wolford*, 608 F.3d 698, 702 (10th Cir. 2010). However, the statute further provides, as relevant here, that "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3); *see also Roe v. Cheyenne Mountain Conference Resort, Inc*., 124 F.3d 1221, 1237 (10th Cir. 1997)(noting that when all federal claims have been dismissed from a case, supplemental state claims will ordinarily be dismissed without prejudice). "Colorado law recognizes if a plaintiff asserts all of his or her claims, including state law claims, in federal court, and the federal court declines to exercise supplemental jurisdiction over the state claims, the plaintiff may refile those claims in state court." *Brooks v. Gaenzle,* 614 F.3d 1213, 1230 (10th Cir. 2010)(citations omitted).

I decline to exercise supplemental jurisdiction over the parties' state law claims on the basis that I have dismissed the sole claim over which this court had original subject matter jurisdiction pursuant to 28 U.S.C. 1367(c)(3). *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)(stating that "the court may, and usually should, decline to exercise jurisdiction over any remaining state claims" after dismissing federal claims); *Rooker v. Ouray County*, 841 F.Supp.2d 1212, 1223-24 (D.Colo. 2012)(same).

ACCORDINGLY, for the foregoing reasons, I GRANT IN PART the Motion for Summary Judgment filed by Defendant, USAA Federal Savings Bank, in that I ENTER JUDGMENT in its favor on Plaintiff Steven R. Johnston's claim under the Telephone Consumer Protection Act; and I DENY the remainder of the motion. [**Doc #48**]  In addition, I DISMISS WITHOUT PREJUDICE the pending state law claims and counterclaims by declining to exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).  As such, JUDGMENT SHALL ENTER for Defendant and against Plaintiff, with costs awarded Defendant.

Dated: October   27  , 2014 in Denver, Colorado.

                                                    BY THE COURT:


                                                       s/Lewis T. Babcock
                                                    LEWIS T. BABCOCK, JUDGE